UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. HILL,<br><br>        Petitioner,<br><br>    v.<br><br>STEVEN LAKE,<br><br>        Respondent. | Case No. 1:18-cv-00619-LJO-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Robert L. Hill, a federal prisoner without counsel, seeks a writ of habeas corpus in a successive petition under 28 U.S.C. § 2241. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in any habeas proceeding. *See* Rules Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Because petitioner does not raise a claim of actual innocence and has not shown that he lacked the opportunity to raise his habeas claim on direct appeal or in his first habeas proceeding, he may not proceed further in this case. We recommend that the court summarily dismiss the petition.

**I.    Section 2241**

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2241 is generally used for challenging the execution of a sentence, and a federal prisoner challenging the legality of his detention generally must do so under Section 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Section 2255 imposes several

restrictions on habeas petitions, among them a requirement that petitioners obtain leave from a U.S. Court of Appeals before filing successive habeas petitions. *See id.* In addition, only the sentencing court may consider a Section 2255 petition. *See id*. at 865.

In rare circumstances, however, a habeas petitioner challenging the legality of his detention may rely on what is known as the savings clause and file a petition under Section 2241, the old habeas provision, by showing that the remedy under Section 2255 is "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(e)); *Hernandez*, 204 F.3d at 864. The petitioner can show that his remedy under Section 2255 is inadequate or ineffective if he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Failure to satisfy either of these requirements is a jurisdictional defect. *See Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012); *Hernandez*, 204 F.3d at 865.

Here, petitioner raises only one claim for habeas relief. He was convicted of, among other offenses, possessing crack cocaine with the intent to distribute. *See* ECF No. 1 at 1. Petitioner argues that the government improperly amended the grand jury indictment to add the language "crack cocaine" in the indictment in violation of his due process rights. *See id*. at 11. Petitioner has not shown that his remedy under Section 2255 is inadequate or ineffective for the reasons discussed below. We need not reach the merits of petitioner's claim.

**a. Actual Innocence**

A claim of actual innocence requires a habeas petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Marrero*, 682 F.3d at 1193; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (quoting *Bousley*, 523 U.S. at 623).

Here, petitioner does not claim actual innocence. His claim pertains to the process leading to his conviction; he argues that the government should not have improperly amended the grand jury indictment to add additional language. Petitioner does not allege that he is factually innocent

of possessing crack cocaine with the intent to distribute. Accordingly, petitioner has not satisfied the actual-innocence requirement.

### b. Unobstructed Procedural Shot

To decide "whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision." *Stephens*, 464 F.3d at 898. We consider: (1) whether the legal basis for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion;" and (2) whether the law changed "in any way relevant" to petitioner's claim after that first § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). When the change of law comes from an intervening court decision, the decision must "effect a material change in the applicable law" to establish unavailability. *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *In re Davenport*, 147 F.3d 605, 607, 610 (7th Cir.1998)).

Here, petitioner has not shown that he lacked an unobstructed procedural shot to pursue his claim. Petitioner challenges his conviction from 2004, but he relies on Supreme Court cases decided decades before his conviction in support of the proposition that the government violated his due process rights by improperly amending the grand jury indictment. *See* ECF No. 1 at 12 (citing *Hamling v. United States*, 418 U.S. 87 (1974) and *Russell v. United States*, 369 U.S. 749 (1962)). Petitioner does not explain why he could not raise his claim on his direct appeal or in his Section 2255 proceeding. Petitioner also cites a Ninth Circuit decision from 2014, *Dixon v. Williams*, 750 F.3d 1027 (9th Cir. 2014), for the broad proposition that his due process rights could be violated in a district court proceeding, ECF No. 1 at 12, but *Dixon* addressed a due process violation arising from a jury instruction; it had nothing to do with a grand jury indictment. *See generally* 750 F.3d 1027.

In sum, petitioner does not claim actual innocence, and he has not shown that he lacked an unobstructed procedural shot at pursuing his claim. The court must dismiss the case for lack of jurisdiction. We need not reach the merits of petitioner's claim.

3

**II. Certificate of appealability**

When a petitioner has not satisfied a requirement to proceed with a Section 2241 petition, and a district court construes the petition as a Section 2255 petition, the petitioner needs a certificate of appealability to appeal. *See* 28 U.S.C. § 2253(c); Ninth Circuit Rule 22-1; *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the petition does not present an issue debatable among reasonable jurists. Reasonable jurists could not conclude that the petition warrants further proceeding. The court should therefore decline to issue a certificate of appealability.

**III. Findings and Recommendations**

We recommend that the court dismiss the petition for lack of jurisdiction and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge who will preside over this case. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  May 1, 2019                                  _____
                                                     UNITED STATES MAGISTRATE JUDGE

No. 202

5